## Bannister v. Eagle Lake Community Association Inc.

*Roger Mattes,* for plaintiff.
*John B. Dunn,* for defendant.

WALSH, *P.J.,* December 4, 1992—Before the court for disposition are preliminary objections of the named defendant to the plaintiff's third amended complaint. We

decline to rule on these objections, lacking the jurisdiction to do so in this matter. Instead, we shall transfer the matter to the proper tribunal, Orphans' Court, and our reasons follow.

Ann Bannister, the plaintiff herein, commenced a civil action against a single defendant, Eagle Lake Community Association Inc. in 1990. Her initial pleading, a one-page, unparagraphed document, was eventually dismissed by the court, and an "amended complaint to show cause of action" was then filed by Ms. Bannister. It contained two counts, one for breach of contract and one for fraud. She then retained counsel, who on her behalf filed a motion for leave to amend. Said motion was granted, and the "third amended complaint" was placed before the court, which contains a count against unnamed defendants John Doe 1, 2 and 3 and Mary Roe 1, 2, 3, none of whom were parties previously. The causes of action in this pleading include a count in quo warranto, which avers wrongdoing in the nature of "certain officers, presently unknown, [who] breached their fiduciary duties to the [Eagle Lake Community] Association and entered into two or more ultra vires, overreaching and unconscionable agreements...."[1] As that count lacks a wherefore clause, the desired relief is unknown. Count II of the complaint purports to state a claim for relief under the Pennsylvania Nonprofit Corporation Law, certain sections[2] of which provide that a court may, upon petition filed by a member of a nonprofit corporation, entertain proceedings for the involuntary winding up and dissolution of the corporation under certain circumstances. Contained

---

1. Plaintiff's third amended complaint, paragraph 9.
2. 15 Pa.C.S. §§5793, 5981.

in this claim are the allegations that "[t]he objects of said non-profit corporation have wholly failed,"[3] "[t]he ultra vires acts of the directors and officers or those in control of said corporation are illegal, oppressive or fraudulent..."[4] and that "the corporate assets are being misapplied and wasted and it is beneficial to the interest of the members that the corporation be wound up and dissolved."[5] The final count, which raises a claim against defendants Doe and Roe, avers that these parties are unknown officers, directors and fiduciaries of the association, and they have wrongfully diverted association assets and made unlawful payments to their successors and assigns; an accounting of certain payments made by the association is the relief asked for therein.

A total of seven preliminary objections were filed to this pleading by the association; four in the nature of demurrers and three motions for a more specific pleading. A theme repeated throughout the various objections is that the plaintiff's causes of action not only fail to state an actionable claim but are improperly brought as well; the association maintains that as to the supposedly improper acts of corporate fiduciaries, Ms. Bannister's claims must be asserted in a petition for review of contested corporate action under the Nonprofit Corporation Law, 15 Pa.C.S. §5793, set forth below in its entirety.

"§5793. *Review of contested corporate action*—

"(a) *General Rule*—Upon petition of any person whose status as or whose rights or duties as, a member,

---

3. Third amended complaint, paragraph 15.
4. Third amended complaint, paragraph 16.
5. Third amended complaint, paragraph 18.

director, member of another body, officer or otherwise of a nonprofit corporation are or may be affected by any corporate action, the court may hear and determine the validity of such corporate action.

"(b) *Powers and procedures*—The court may make such orders in any such case as may be just and proper, with power to enforce the production of any books, papers and records of the corporation and other relevant evidence which may relate to the issue. The court shall provide for notice of the pendency of the proceedings under this section to all persons affected thereby. If it is determined that no valid corporate action has been taken, the court may order a meeting to be held in accordance with section 5792 (relating to proceedings prior to corporate action)."

We agree generally with the association that a petition for review under section 5793 is the correct procedural vehicle for claims regarding questionable actions of officers and directors of nonprofit corporations, such as the challenge Ms. Bannister is bringing to Eagle Lake Community Association, yet there is one element essential to this procedural picture which the moving party has seemingly overlooked. Of more than passing significance to claims of this nature is Pennsylvania Rule of Judicial Administration 2156(1), which relates to the distribution of business within courts of common pleas. In pertinent part it provides:

"In addition to other matters which by law are to be heard and determined by the Orphans' Court division of a court of common pleas, the division shall hear and determine the following matters:

"(1) *Nonprofit corporations.* The administration and proper application of property committed to charitable purposes held or controlled by any domestic or foreign nonprofit corporation and all matters arising under Title 15 of the Pennsylvania Consolidated Statutes (relating to corporations and unincorporated associations) or otherwise where is drawn in question the application, interpretation or enforcement of any law regulating the affairs of nonprofit corporations holding or controlling any property committed to charitable purposes, or of the members, security holders, directors, officers, employees or agents thereof, as such."

The application of this key administrative canon to matters such as the controversy before us was succinctly explained in *Appel v. Indian Mountain Civic Association,* 11 D.&C.3d 448 (1978), an equity action brought in the Court of Common Pleas of Carbon County. In resolving "the procedural question as to how to challenge the validity of a director of a Pennsylvania nonprofit corporation,"[6] the court first determined that equity was without jurisdiction in the matter because there existed a complete statutory remedy for questioning the propriety of any corporate action taken by a nonprofit corporation. That remedy was, at the time of the *Appel* decision, found in 15 Pa.C.S. §7783, the Pennsylvania statute which controls the review of contested corporate action; section 7783 was since renumbered as section 5793[7] which today controls the action Ms. Bannister is attempting to bring.

---

6. *Appel, supra* at 448.

7. Renumbered by Act 1988, Dec. 21, P.L. 1444. no. 177, 103, effective Oct. 1, 1989.

Upon determining that the procedure contained in the statute found at 15 Pa.C.S. §7783, which is now found in 15 Pa.C.S. §5793, provided the sole remedy for challenges of this nature, the *Appel* court dismissed the plaintiffs' complaint without prejudice to their right to institute appropriate proceedings under the Nonprofit Corporation Law, which should take the form of a petition for review filed with the Orphans' Court as mandated clearly and unequivocally by Pa.R.J.A 2516(1). We agree with the logic of the *Appel* decision and rule similarly, finding that the case at bar more properly belongs in the Orphans' Court division of the Court of Common Pleas. In the attached order, we will transfer the erroneously filed matter to Orphans' Court[8] because of our apparent lack of jurisdiction, giving the plaintiff the opportunity to bring her claim in the statutorily prescribed manner.

ORDER

Now, December 4, 1992, this court hereby orders and decrees that because jurisdiction of this action is lacking, the plaintiff's complaint is transferred to the Orphans' Court division of the Court of Common Pleas of Lackawanna County in accordance with 42 Pa.C.S. §5103(a) so that proceedings may be brought pursuant to the mandates of 15 Pa.C.S. §5793 and Pa.R.J.A. 2156(1).

---

8. If an action is brought in a court of this Commonwealth which does not have jurisdiction over the matter, the court shall not dismiss the matter but shall transfer the record to the proper tribunal of this Commonwealth, where the action shall be treated as if originally filed in the transferee tribunal on the date when the matter was first filed in the other tribunal. 42 Pa.C.S. §5103(a).